
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 5418 | **DATE** | 12/18/2002 |
| **CASE TITLE** | Mirwais Ali vs. Brian Perryman | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we deny [3-1] petitioner's motion for bond and release from custody. We grant respondent's motion to dismiss [5-1] the petition for habeas corpus. This is a final and appealable order. This case is hereby terminated.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 26 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
DEC 2 6 2002

| | |
|---|---|
| MIRWAIS ALI, | ) |
| Petitioner, | ) |
| | ) No. 02 C 5418 |
| v. | ) |
| | ) Wayne R. Andersen |
| BRIAN PERRYMAN, District Director | ) District Judge |
| of the Chicago District Office of the INS | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the petitioner's motion for bond and release from custody. Also before the Court is respondent's motion to dismiss the petition for habeas corpus. For the following reasons, petitioner's motion for bond and release is denied, and respondent's motion to dismiss the petition is granted.

Petitioner, an alien who became a lawful permanent resident of the United States in 1982, was convicted of three criminal offenses in Wisconsin Circuit Court between 1997 and 2000. The Immigration and Naturalization Service ("INS") initiated removal proceedings against him based on these convictions. Subsequently, he had a hearing before an immigration judge and was ordered removed on May 16, 2002. Petitioner has appealed that decision to the Board of Immigration Appeals, where the case remains pending. Petitioner has now filed a petition for habeas corpus seeking release from INS custody. Respondents move to dismiss the petition because the petitioner's conviction is a crime specified under Section 236(c) of the Immigration



and Nationality Act (INA), 8 U.S.C. §1226(c), and 8 C.F.R. §19(h)(2), and the petitioner is therefore properly in INS custody pending the completion of removal proceedings.

## STATEMENT OF FACTS

Petitioner is a male native and citizen of Afghanistan who became a lawful permanent resident of the United States on March 1, 1982. Petitioner was convicted in the Dane County (Wisconsin) Circuit Court of the following criminal offenses: Receiving Stolen Property in violation of § 943.34(1)(a) of the Wisconsin Statutes, once on December 8, 1997, and again on March 6, 2000; and Possession with Intent to Distribute Tetrahydrocannabinols in violation of § 961.41(m)(h)(1) of the Wisconsin Statutes, on November 25, 1998. The INS initiated removal proceedings against petitioner by serving him with a Notice to Appear (NTA), alleging facts relating to his convictions which render him removable under 8 U.S.C. §§1227(a)(2)(A)(i), (ii), and (iii).

The filing of the NTA commenced jurisdiction upon the Immigration Court. In the removal proceedings, the Immigration Judge sustained the allegations in the NTA and found that the petitioner's removability had been established by evidence that was clear and convincing. The Immigration Judge ordered petitioner removed to Afghanistan based upon his findings that the petitioner was removable as charged and was ineligible for any type of relief from removal.

Petitioner filed a notice of appeal to the Board of Immigration Appeals ("BIA"). The case awaits ruling from the BIA. Pursuant to the regulations at 8 C.F.R. § 3.19(h)(2)(i)(D), and § 236(c)(1) of INA, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the petitioner has not been released from the custody of the INS pending the BIA's adjudication of his appeal.

On July 31, 2002, the petitioner filed a document entitled "Complaint for Declaratory Judgment and Injunction and Petition for a Writ of Habeas Corpus" (the "petition"). The petition alleges that the petitioner is being held under §236(c), which he claims is unconstitutional as applied to lawful permanent resident aliens such as petitioner. As relief, the petitioner asks this court to declare the statute relating to the mandatory detention of petitioner unconstitutional, issue a writ of habeas corpus requiring respondent to show cause as to why petitioner should be detained pending his BIA appeal, and order the petitioner released from custody. The respondents seek dismissal of the case in its entirety.

## DISCUSSION

### I. Section 236(c) is Constitutional

Because petitioner's case began after April 1, 1997, it is governed by IIRIRA, Division C of Pub. L. 104-208, 110 Stat. 3009-546 (Sept. 30, 1996). Pursuant to § 236(c) of the INA, 8 U.S.C. §1226(c)(1), as amended by IIRIRA, the Attorney General "shall take into custody any alien who" is removable under §1227(a)(2)(B)(i). A person taken into custody pursuant to § 236(c)(1) may be released under § 236(c)(2) but only if they are part of the witness protection program. *See Parra,* 172 F.3d at 956.

Petitioner contends that § 236(c) should not apply to his case because the statute is unconstitutional, violating his due process rights. In support of his position, petitioner cites cases from other circuits such as *Kim v. Ziglar,* 276 F.3d 523 (9th Cir. Jan. 2002), *Patel v. Zemski,* 275 F.3d 299 (3rd Cir. 2001), *Radoncic v. Zemski,* 28 Fed. Appx. 113 (3rd Cir. 2001), and *Houng v. Comfort,* 282 F.3d 1247 (10th Cir. 2002). However, case law from the Supreme Court and the Seventh Circuit illustrates that petitioner's detention pursuant to §236(c) is constitutional. *See,*

e.g., *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001); *Parra v. Perryman*, 172 F.3d 954, 957-58 (7th Cir. 1999).

This petition is controlled by the Seventh Circuit's decision in *Parra v. Perryman*, 172 F.3d 954, because petitioner is a criminal alien who has three criminal convictions with little likelihood of relief from removal. *Parra* correctly relies upon the Supreme Court's decisions in *Reno v. Flores*, 507 U.S. 292 (1993) and *Carlson v. Landon*, 342 U.S. 524 (1952). Both *Flores* and *Carlson* are pre-order immigration detention cases that affirm the Attorney General's statutory and constitutional authority to detain aliens during immigration proceedings. Under the holdings in *Flores* and *Carlson*, the presumption of detention under § 236(c) as applied to criminal aliens in removal proceedings is valid and constitutional.

The court in *Parra* discussed the due process concerns under the framework enunciated in *Matthews v. Eldridge*, 424 U.S. 319 (1976). The Seventh Circuit stated that the court is required to "evaluate the private interest, the probability of error (and the effect of additional safeguards on the rate of error), and the government's interest in dispensing with those safeguards, with a thumb on the scale in favor of the statute's constitutionality." *Parra*, 172 F.3d at 958.

In a case such as this one, the private interest refers to liberty in the United States by someone who is no longer entitled to stay in this country but able to live at liberty in his native country. In addition, the probability of error is minimal given the crimes petitioner has been convicted of, the administrative removal proceedings available to him, and the likelihood that he would prevail on any form of relief from removal.

In the § 236(c) context, this leaves room for the argument that, although an alien may have a liberty interest at stake, that interest is significantly circumscribed by the alien's

4

circumstances (alienage, removability on criminal grounds, and lack of opportunity for discretionary or other relief), such that the interest cannot be said to be fundamental. In the absence of a fundamental interest, the statute need only satisfy rational basis scrutiny. *Id.*

In contrast, the public interest in detaining aliens under these circumstances is substantial given the high flight rate of those released on bail. Indeed, Congress' concern with criminal aliens who flee or commit additional crimes is plainly evident in the detention provisions of AEDPA and IIRIRA. This concern is supported by statistical data. For example, in 1992 nearly 11,000 criminal aliens convicted of aggravated felonies, which are particularly serious crimes, failed to appear for deportation hearings. *See* S. Rep. No. 104-48, 1995 WL 170285 (Apr. 7, 1995). As Senator Abraham stated in similar observations:

> Needless to say, the majority of criminal aliens released from custody do not return for their [deportation] hearings.... Thus, for example, a recent study by the GAO found that 77 percent of noncitizens convicted of felonies are rearrested at least one more time.

141 Cong. Rec. S7803, 7823 9 daily ed. June 7, 1995); *see also* S. Rep. No. 48, 1995 WL at 170285.

Thus, the detention requirement of §236(c)(1)(B) is based on a "facially legitimate and bona fide reason," *Fiallo v. Bell*, 430 U.S. 787, 792 (1977). This provision seeks to prevent clearly deportable aliens with no realistic hope of relief from removal from absconding or committing further criminal acts during proceedings to effect their removal. Preventing danger to the community and flight have long been considered legitimate regulatory goals. *See, e.g., Salerno*, 481 U.S. at 748-49; *Schall v. Martin*, 467 U.S. 253, 251 (1984); *Bell v. Wolfish*, 441 U.S. 520 (1979); *Tran v. Caplinger*, 847 F. Supp. 469, 475 (W.D. La. 1993) ("As already noted

5

the goal of protecting the community is a compelling one. Where, as here, an alien is involved the interest of Congress is heightened"). These goals have been paramount among the immigration enforcement concerns of Congress and the Attorney General.

Citing to prior precedent, the *Parra* decision held that "[W]ell before the IIRIRA we stated that once deportation proceedings have begun an alien's detention is constitutional." *Parra*, 172 F.3d at 958, *citing Arias v. Rogers*, 676 F.2d 1139, 1143-44 (7th Cir. 1982). Now that under IIRIRA "the powers to forego removal have been curtailed," the constitutionality of §236(c) is even more clear. *See Reno v. Flores*, 507 U.S. 292 (993); *Carlson v. Landon*, 342 U.S. 524 (1952).

We find that § 236(c) is constitutional and reasonable in light of Congress' legislative objectives to expedite the removal of criminal aliens (since detained alien cases are adjudicated more quickly), and enhance the INS' enforcement efforts. As the Seventh Circuit held in *Parra*, §236(c) deals with challenges to operational decisions, and it is plainly within the power of Congress to legislate in this area. *Parra*, 172 F.3d at 957, 958. "Persons subject to § [236(c)] have forfeited any legal entitlement to remain in the United States and have little hope of clemency." *Id.*

In sum, § 236(c) has been upheld and found to be constitutional in the Seventh Circuit, the case law of which controls in this proceeding. Therefore, the petition for habeas corpus is dismissed because petitioner has not shown any violation of a constitutional right.

## II. Petitioner Is Not Entitled To Injunctive Relief

In his petition, petitioner also argues that he is entitled to a preliminary injunction. Because we find that the statute pursuant to which he is being held is constitutional, we see no need to issue a preliminary injunction. Moreover, petitioner has failed to prove the elements necessary to issue a preliminary injunction—inadequate remedy at law, likelihood of success on the merits, balance of harms, and public interest. Therefore, no preliminary injunction will issue in this case.

## CONCLUSION

For the foregoing reasons, we deny petitioner's motion for bond and release from custody. We grant respondent's motion to dismiss the petition for habeas corpus. This is a final and appealable order. This case is hereby terminated.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: December 18, 2002